## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sameh Mahmoud Mohamed Said, MD, | Court File No. 20-cv-927-ECT-TNL |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |
| Mayo Clinic, and Joseph Albert Dearani, MD, | |
| Defendant. | |

Defendants Mayo Clinic ("Defendant Mayo") and Joseph Albert Dearani, MD ("Dr. Dearani") (collectively, "Defendants") as and for their Answer and Affirmative and Additional Defenses to the Amended Complaint of Plaintiff, Sameh Mahmoud Mohamed Said, MD, ("Plaintiff" or "Said") state and allege as follows.

Defendant Mayo is committed to providing a workplace free from harassment. All action taken with respect to Plaintiff was lawful and appropriate. Plaintiff resigned his employment with Defendant Mayo after multiple complaints raised by peers and colleagues about his conduct were investigated and after receiving notice that Defendant Mayo recommended the termination of his employment. Plaintiff's lawsuit simply reflects his inability to accept responsibility for his conduct.

## INTRODUCTION

1.      Defendants admit that Plaintiff was employed as a Senior Associate Consultant from July 2015 until he resigned effective December 3, 2018. Defendants deny the remaining allegations in paragraph 1 of the Amended Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Amended Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Amended Complaint.

## PARTIES, JURISDICTION AND VENUE

8.      Defendants admit, upon information and belief, that Plaintiff resides in the State of Minnesota and that he represents that he currently works in Hennepin County. Defendants deny the remaining allegations in paragraph 8 of the Amended Complaint.

9.      Defendants admit that Plaintiff worked for Defendant Mayo.  Defendants deny the remaining allegations in paragraph 9 of the Amended Complaint.

10.     Defendant Mayo admits that it is a Minnesota nonprofit corporation with a registered office address of 200 First St. SW, Rochester, Minnesota 55905. The remaining allegations state a legal conclusion to which no response is required. Defendants deny the remaining allegations in paragraph 10 of the Amended Complaint.

11.     Dr. Dearani admits that he is a resident of the State of Minnesota and that he is employed by Defendant Mayo.

12.     Paragraph 12 of the Amended Complaint sets forth conclusions of law, to which no response is required.  Defendants deny the remaining allegations in paragraph 12 of the Amended Complaint.

13.     Defendants admit that Plaintiff purports to allege that jurisdiction is proper in Minnesota District Court, but deny any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.   Defendants deny the remaining allegations in paragraph 13 of the Amended Complaint.

14.     Defendants admit that Plaintiff purports that venue is proper in this Court, which Defendants admit. Defendants further admit that Plaintiff was employed in and that Defendant

2

does business in Olmsted County. Defendants deny any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in paragraph 14 of the Amended Complaint.

15.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Amended Complaint and therefore deny the same.

## FACTUAL BACKGROUND

16.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's national origin and therefore deny this allegation. Defendants admits that Plaintiff completed his medical degree at the University of Alexandria in Egypt. Defendants deny the remaining allegations in paragraph 16 of the Amended Complaint.

17.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's descent, racial identity, or religious practice, and therefore deny the same. Defendants deny the remaining allegations in paragraph 17 of the Amended Complaint.

18.    Defendants admit the allegations in paragraph 18 of the Amended Complaint.

19.    Defendants admit the allegations in paragraph 19 of the Amended Complaint.

20.    Defendants admit that prior to his employment with Mayo, Plaintiff completed an advanced cardiovascular surgery fellowship and residencies in general and thoracic surgeries at Mayo from 2008 through 2014. Defendants deny the remaining allegations in paragraph 20 of the Amended Complaint.

21.    Defendants admit that Plaintiff completed residencies at Defendant Mayo during the time period 2008 through 2014. Defendants deny the remaining allegations in paragraph 21 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

### Dr. Dearani's Bias Toward Dr. Said Manifests Itself from the Beginning of Dr. Said's Residency and Fellowship at Mayo[1]

22.     Defendants admit that Plaintiff had a non-resident visa status. Defendants deny the remaining allegations in paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24.     Defendants admit that Dr. Dearani served on the editorial and review boards of scientific journals, and that he reviews manuscripts for those journals. Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

27.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Amended Complaint and therefore deny the same.

28.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegations regarding conversations he had with Dr. Burkhart and therefore deny the same.  Defendants deny the remaining allegations in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Amended Complaint.

---

[1] Plaintiff's subheadings do not state allegations to which a response is required. To the extent a response is required, Defendants deny each and every subheading contained in Plaintiff's Amended Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegations regarding conversations he had with Dr. Burkhart and therefore deny the same.  Defendants deny the remaining allegations in paragraph 31 of the Amended Complaint.

32.     Defendants admit the allegations in paragraph 32 of the Amended Complaint.

**Dr. Dearani's Discriminatory Efforts to Deny Dr. Said Mayo Employment**

33.     Defendants admit that Plaintiff applied for employment at Mayo after his Stanford Fellowship. Defendants deny the remaining allegations in paragraph 33 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

34.     Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36.     Defendants admit that Dr. John Stulak was a Department surgeon and that he was opposed to hiring Plaintiff. Defendants deny the remaining allegations in paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

**Dr. Dearani Attempts to Limit Dr. Said's Mayo Practice**

39.    Defendants admit that Plaintiff was hired to perform adult cardiovascular surgery at Mayo. Defendants deny the remaining allegations in paragraph 38 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

40.    Defendants deny the allegations in paragraph 40 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

41.    Defendants deny the allegations in paragraph 41 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

42.    Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.    Dr. Dearani admits that he is a Caucasian male who identifies as Christian and Syrian. Defendants deny the remaining allegations in paragraph 43 of the Amended Complaint.

44.    Defendants admit that Plaintiff was initially hired as a Senior Associate Consultant (SAC), and that the SAC role is generally a three-year appointment. Defendants deny the remaining allegations in paragraph 44 of the Amended Complaint.

45.    Defendants admit the allegations in paragraph 45 of the Amended Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

## **Dr. Said Succeeds Despite Obstacles Imposed by Dr. Dearani**

48.     Defendants admit that Plaintiff had an opportunity to work on a pediatric case during the early stages of his employment with Mayo. Defendants deny the remaining allegations in paragraph 48 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

49.     Defendants admit that Plaintiff had an opportunity to work on a pediatric case during the early stages of his employment with Mayo. Defendants deny the remaining allegations in paragraph 49 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

50.     Defendants deny the allegations in paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

52.     Defendants deny the allegations in paragraph 52 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

53.     Defendants deny the allegations in paragraph 53 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

56.     Defendants deny the allegations in paragraph 56 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

## Dr. Dearani Begins to Foment False Allegations Against Dr. Said

57.     Defendants admit that Steffany Guidinger met with Plaintiff in October 2017. Defendants deny the remaining allegations in paragraph 57 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

58.     Defendants admit that concerns were raised regarding Plaintiff's interactions with female colleagues, and that in a conversation, Ms. Guidinger told Plaintiff that he had violated Mayo's mutual respect policy, among other things. Defendants deny remaining allegations in paragraph 58 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegations regarding his medical condition and therefore deny the same.  Defendants deny the remaining allegations in paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Amended Complaint, including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

61.     Defendants deny the allegations in paragraph 61 of the Amended Complaint.

## Dr. Said Complains About Dr. Dearani's HIPAA Violation

62.     Defendants deny the allegations in paragraph 62 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

63.     Defendants deny the allegations in paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Amended Complaint.

65.     42 U.S.C. § 1320d-2 and 45 C.F.R. § 164 speak for themselves and no response is required.

66.     Defendants deny the allegations in paragraph 66 of the Amended Complaint.

**<u>Dr. Dearani Forces Dr. Said to Sign a False "Coaching Memo"</u>**

67.     Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Amended Complaint.

69.     Defendants admit that Plaintiff, Defendant Dearani, and Renee Jones had a meeting on or around December 5, 2017, and that Plaintiff was provided with a coaching memo, which is a written document that speaks for itself and should be not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 69 of the Amended Complaint.

70.     Defendants admit that Plaintiff was provided with a coaching memo, which is a written document that speaks for itself and should be not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 70 of the Amended Complaint.

71.     Defendants admit that Plaintiff was provided with a coaching memo, which is a written document that speaks for itself and should be not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 71 of the Amended Complaint.

72.     Defendants admit that Plaintiff was provided with a coaching memo, which is a written document that speaks for itself and should be not be taken out of context or in partial form. Defendants further admit that two female employees had shared concerns about Plaintiff and that those concerns were investigated, resulting in a conclusion that Plaintiff violated Defendant Mayo's mutual respect policy. Defendants deny the remaining allegations in paragraph 72 of the

Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

73.     Defendants admit that two employees had shared concerns about Plaintiff that HR investigated those concerns. Defendants deny the remaining allegations in paragraph 73 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

74.     Defendants admit that Plaintiff was provided with a coaching memo, which is a written document that speaks for itself and should be not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 74 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

75.     Defendants deny the allegations in paragraph 75 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

76.     Defendants deny the allegations in paragraph 76 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

77.     Defendants admit that Mayo maintains policies regarding evaluation of SAC physicians, and that its policies are written documents that speak for themselves and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

79.     Defendants admit that Plaintiff received 360 review feedback, and that 24 individuals provided responses as part of the review, which is a written document that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 79 of the Amended Complaint.

80.     Defendants admit that Plaintiff received 360 review feedback, which is a written document that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

82.     Defendants deny the allegations in paragraph 82 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

**Dr. Said Amended Complaints Internally Regarding Dr. Dearani**

83.     Defendants admit that Plaintiff met with Dr. Rihal on April 3, 2018. Defendants deny the remaining allegations in paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Amended Complaint.

**Dr. Dearani Denies and Then Delays Dr. Said's Promotion to Consultant**

87.     Defendants admit that Plaintiff's SAC appointment was extended through December 25, 2018, in a written document that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 87 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

88.     Defendants admit that Plaintiff was notified of the extension of his SAC appointment on June 6, 2018. Defendants deny the remaining allegations in paragraph 88 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

89.     Defendants admit that an email was sent from Ms. Jones to Plaintiff dated August 13, 2018, with a copy to Defendant Dearani, and that the email is a written document that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 89 of the Amended Complaint.

90.     Defendants admit that an assessment was conducted and that feedback was solicited from employees in the Critical Care-CV Surgery department. Defendants deny the remaining allegations in paragraph 90 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

91.     Defendants deny the allegations in paragraph 91 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

92.     Defendants admit that the allegations in paragraph 92 reference a written document that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 92 of the Amended Complaint.

93.     Defendants admit that Plaintiff met with Defendant Dearani and Kevin Hennessey, Operations Administrator, on August 15, 2018. Defendants admit that Plaintiff was informed that extension of his SAC appointment would include a formal notice of corrective action and that consequences for not meeting expectations could include the end of his appointment at Defendant Mayo. Defendants deny the remaining allegations in paragraph 93 of the Amended Complaint.

94.     Defendants admit that Plaintiff met with Defendant Dearani, Dr. Rihal, and Stephanie Wendorff on August 29, 2018 and that they discussed the results of the climate assessment and 360 review, among other topics. Defendants further admit that Plaintiff was informed that his SAC appointment was extended to June 2019. Defendants deny the remaining allegations in paragraph 94 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

### Dr. Dearani Involuntary Suspends Dr. Said and a Biased and Retaliatory Investigation Ensures

95.     Defendants admit that Plaintiff met with Dr. Dearani, Ms. Jones, and Ms. Guidinger on October 9, 2018. Defendants deny the remaining allegations in paragraph 95 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

96.     Defendants admit that Ms. Jones and Ms. Guidinger were present for the October 9, 2018 meeting, and that Plaintiff was informed that he was placed on administrative leave pending investigation. Defendants admit that Plaintiff was told that it is standard practice at

Defendant Mayo to suspend an employee pending investigation into allegations of sexual harassment. Defendants deny the remaining allegations in paragraph 96 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

97.     Defendants admit that Plaintiff was notified about the allegations raised about his conduct and that he was told an investigation would occur. Defendants deny the remaining allegations in paragraph 97 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

98.     Defendants admit that Plaintiff was informed that the matter was confidential. Defendants deny the remaining allegations in paragraph 98 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

99.     Defendants deny the allegations in paragraph 99 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

100.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 100 of the Amended Complaint and therefore deny the same.

101.     Defendants admit that Dr. Dearani notified others of the fact that Plaintiff was placed on leave. Defendants deny the remaining allegations in paragraph 101 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

102.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 102 of the Amended Complaint and therefore deny the same.

103.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 103 of the Amended Complaint and therefore deny the same.

104.     Defendants deny the allegations in paragraph 104 of the Amended Complaint.

105.     Defendants deny the allegations in paragraph 105 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

106.     Defendants deny the allegations in paragraph 106 of the Amended Complaint.

**Dr. Said Retains Legal Counsel and Escalates His Amended Complaints**

107.     Defendants deny the allegations in paragraph 107 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

108.     Defendants deny the allegations in paragraph 108 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

109.     Defendants admit that Dr. Rihal did not communicate with Plaintiff about Plaintiff's legal claims because Plaintiff was represented by counsel. Defendants deny the remaining allegations in paragraph 109 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

110.    Defendants admit that Plaintiff participated in an interview with Ms. Jones and Mr. Johnson. Defendants deny the remaining allegations in paragraph 110 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

111.    Defendants admit that Plaintiff made statements during the investigation interview that Ms. Reid initiated text messages with him, that he believed she had an interest in exploring a personal relationship with him, that he was separated from his wife at the time of his communications with Ms. Reid, and that he had engaged in text messages with Ms. Reid, invited her to lunches and dinners, and that he had purchased her personal gifts. Defendants deny the remaining allegations in paragraph 111 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

112.    Defendants admit that Plaintiff stated during an investigation interview that he had told Ms. Reid he was separated from his wife and was considering ending his marriage. Defendants deny the remaining allegations in paragraph 112 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

113.    Defendants deny the allegations in paragraph 113 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

114.    Defendants deny the allegations in paragraph 114 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

115.     Defendants deny the allegations in paragraph 115 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

116.     Defendants admit that Plaintiff was asked about his journal during the investigation and that he stated it was simply a journal and that it did not reference any one person. Defendants deny the remaining allegations in paragraph 116 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

117.     Defendants deny the allegations in paragraph 117 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

118.     Defendants deny the allegations in paragraph 118 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

119.     Defendants deny the allegations in paragraph 119 of the Amended Complaint.

**Dr. Dearani Recommends Termination of Dr. Said's Mayo Employment, Forcing Dr. Said's Resignation**

120.     Defendants admit that Plaintiff was sent a letter signed by Dr. Rihal, Defendant Dearani, and Mr. Hennessey dated November 19, 2018, which is a written statement that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 120 of the Amended Complaint.

121.     Defendants deny the allegations in paragraph 121 of the Amended Complaint.

122.    Defendants admit that the letter referenced in paragraph 122 is a written statement that speaks for itself and should not be taken out of context or in partial form. Defendants deny the remaining allegations in paragraph 122 of the Amended Complaint.

123.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 123 of the Amended Complaint regarding Plaintiff's communications with other physicians and therefore deny the same. Defendants deny the remaining allegations in paragraph 123 of the Amended Complaint.

124.    Defendants admit that Plaintiff resigned effective December 3, 2018. Defendants deny the remaining allegations in paragraph 124 of the Amended Complaint.

### The Defamation, Invasion of Privacy and Other Illegal Conduct
### Continues Post Constructive Discharge

125.    Defendants admit that Mayo's Termination Committee was scheduled to meet on December 4, 2018 to review the recommendation for termination of Plaintiff's employment. Defendants deny the remaining allegations in paragraph 125 of the Amended Complaint.

126.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Amended Complaint regarding Dr. Grothey's medical license and therefore deny the same. Defendants deny the remaining allegations in paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations in paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations in paragraph 128 of the Amended Complaint.

129.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 129 of the Amended Complaint regarding Plaintiff's offer of employment with a new employer and therefore deny the same. Defendants deny the remaining allegations in paragraph 129 of the Amended Complaint.

130. Defendants deny the allegations in paragraph 130 of the Amended Complaint.

131. Defendants admit that Defendant Mayo posted an article on its website and its cardiovascular update and that the article was titled "Congenital heart disease: The first 50 years ... the next 50 years." Defendants deny the remaining allegations in paragraph 131 of the Amended Complaint.

132. Defendants deny the allegations in paragraph 132 of the Amended Complaint including, without limitation, those that are factually inaccurate, argumentative, incomplete, irrelevant, overly vague, or taken out of context.

133. Defendants deny the allegations in paragraph 133 of the Amended Complaint.

134. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 134 of the Amended Complaint regarding Plaintiff's offer of employment with a new employer and therefore deny the same. Defendants deny the remaining allegations in paragraph 134 of the Amended Complaint.

## LEGAL CLAIMS

### COUNT I

**Race Discrimination in Violation of the MHRA**
**(Against Defendant Mayo)**

135. Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

136. The allegations in paragraph 136 of the Amended Complaint state a legal conclusion to which no response is required.

137. Defendants deny the allegations in paragraph 137 of the Amended Complaint.

138. Defendants deny the allegations in paragraph 138 of the Amended Complaint.

139. Defendants deny the allegations in paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Amended Complaint.

## COUNT II

### Race Discrimination in Violation of Title VII
### (Against Defendant Mayo)

141.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

142.    The allegations in paragraph 142 of the Amended Complaint state a legal conclusion to which no response is required.

143.    Defendants deny the allegations in paragraph 143 of the Amended Complaint.

144.    Defendants deny the allegations in paragraph 144 of the Amended Complaint.

145.    Defendants deny the allegations in paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations in paragraph 146 of the Amended Complaint.

## COUNT III
### Religious Discrimination in Violation of the MHRA
### (Against Defendant Mayo)

147.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

148.    The allegations in paragraph 148 of the Amended Complaint state a legal conclusion to which no response is required.

149.    Defendants deny the allegations in paragraph 149 of the Amended Complaint.

150.    Defendants deny the allegations in paragraph 150 of the Amended Complaint.

151.    Defendants deny the allegations in paragraph 151 of the Amended Complaint.

152.    Defendants deny the allegations in paragraph 152 of the Amended Complaint.

153.    There is no paragraph 153 in the Amended Complaint. To avoid any confusion, Defendants have included a placeholder paragraph 153 here.

## COUNT IV
### Religious Discrimination in Violation of the Title VII
### (Against Defendant Mayo)

154.     Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

155.     The allegations in paragraph 155 of the Amended Complaint state a legal conclusion to which no response is required.

156.     Defendants deny the allegations in paragraph 156 of the Amended Complaint.

157.     Defendants deny the allegations in paragraph 157 of the Amended Complaint.

158.     Defendants deny the allegations in paragraph 158 of the Amended Complaint.

159.     Defendants deny the allegations in paragraph 159 of the Amended Complaint.

## COUNT V
### National Origin Discrimination in Violation of the MHRA
### (Against Defendant Mayo)

160.     Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

161.     The allegations in paragraph 161 of the Amended Complaint state a legal conclusion to which no response is required.

162.     The allegations in paragraph 162 of the Amended Complaint state a legal conclusion to which no response is required.

163.     Defendants deny the allegations in paragraph 163 of the Amended Complaint.

164.     Defendants deny the allegations in paragraph 164 of the Amended Complaint.

165.     Defendants deny the allegations in paragraph 165 of the Amended Complaint.

## COUNT VI
### National Origin Discrimination in Violation of Title VII
### (Against Defendants Mayo

166.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

167.    The allegations in paragraph 167 of the Amended Complaint state a legal conclusion to which no response is required.

168.    Defendants deny the allegations in paragraph 168 of the Amended Complaint.

169.    Defendants deny the allegations in paragraph 169 of the Amended Complaint.

170.    Defendants deny the allegations in paragraph 170 of the Amended Complaint.

171.    Defendants deny the allegations in paragraph 171 of the Amended Complaint.

## COUNT VII
### Reprisal in Violation of the MHRA
### (Against Defendants Mayo)

172.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

173.    The allegations in paragraph 173 of the Amended Complaint state a legal conclusion to which no response is required.

174.    Defendants deny the allegations in paragraph 174 of the Amended Complaint.

175.    Defendants deny the allegations in paragraph 175 of the Amended Complaint.

176.    Defendants deny the allegations in paragraph 176 of the Amended Complaint.

177.    Defendants deny the allegations in paragraph 177 of the Amended Complaint.

## COUNT VIII
### Violation of the Minnesota Whistleblower Act
### (Against Defendants Mayo)

178.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

179.    The allegations in paragraph 179 of the Amended Complaint state a legal conclusion to which no response is required.

180.    The allegations in paragraph 180 of the Amended Complaint state a legal conclusion to which no response is required.

181.    Defendants deny the allegations in paragraph 181 of the Amended Complaint.

182.    Defendants deny the allegations in paragraph 182 of the Amended Complaint.

183.    Defendants deny the allegations in paragraph 183 of the Amended Complaint.

184.    Defendants deny the allegations in paragraph 184 of the Amended Complaint.

185.    Defendants deny the allegations in paragraph 185 of the Amended Complaint.

186.    Defendants deny the allegations in paragraph 186 of the Amended Complaint.

## COUNT IX
### Tortious Interference with Future Employment
### (Against Defendants Mayo and Dr. Dearani)

187.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

188.    Defendants deny the allegations in paragraph 188 of the Amended Complaint.

189.    Defendants deny the allegations in paragraph 189 of the Amended Complaint.

190.    Defendants deny the allegations in paragraph 190 of the Amended Complaint.

191.    Defendants deny the allegations in paragraph 191 of the Amended Complaint.

## COUNT X
### Defamation
### (Against Defendants Mayo and Dr. Dearani)

192.    Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

193.    Defendants deny the allegations in paragraph 193 of the Amended Complaint.

194.    Defendants deny the allegations in paragraph 194 of the Amended Complaint.

195.     Defendants deny the allegations in paragraph 195 of the Amended Complaint.

196.     Defendants deny the allegations in paragraph 196 of the Amended Complaint.

197.     Defendants deny the allegations in paragraph 197 of the Amended Complaint.

198.     Defendants deny the allegations in paragraph 198 of the Amended Complaint.

199.     Defendants deny the allegations in paragraph 199 of the Amended Complaint.

200.     Defendants deny the allegations in paragraph 200 of the Amended Complaint.

## COUNT XI
## Invasion of Privacy
## (Against Defendants Mayo and Dr. Dearani)

201.     Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

202.     Defendants deny the allegations in paragraph 202 of the Amended Complaint.

203.     Defendants deny the allegations in paragraph 203 of the Amended Complaint.

204.     Defendants deny the allegations in paragraph 204 of the Amended Complaint.

205.     Defendants deny the allegations in paragraph 205 of the Amended Complaint.

206.     Defendants deny the allegations in paragraph 206 of the Amended Complaint.

207.     Defendants deny the allegations in paragraph 207 of the Amended Complaint.

208.     Defendants deny the allegations in paragraph 208 of the Amended Complaint.

209.     Defendants deny the allegations in paragraph 209 of the Amended Complaint.

210.     Defendants deny the allegations in paragraph 210 of the Amended Complaint.

## COUNT XII
## Common Law Conversion
## Against Defendants Mayo and Dr. Dearani)

211.     Defendants hereby restate and re-allege their responses to the allegations within the preceding paragraphs as though fully stated herein.

212.     Defendants deny the allegations in paragraph 212 of the Amended Complaint.

213.    Defendants deny the allegations in paragraph 213 of the Amended Complaint.

214.    Defendants deny the allegations in paragraph 214 of the Amended Complaint.

215.    Defendants deny the allegations in paragraph 215 of the Amended Complaint.

216.    Defendants deny the allegations in paragraph 216 of the Amended Complaint.

217.    Defendants deny the allegations in paragraph 217 of the Amended Complaint.

218.    Defendants deny the allegations in paragraph 218 of the Amended Complaint.

219.    Defendants deny the allegations in paragraph 219 of the Amended Complaint.

220.    Defendants deny the allegations in paragraph 220 of the Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts, contain allegations to which a response is not required, but to the extent that a response may be required, Defendants deny that Plaintiff is entitled to any relief whatsoever, and further denies that they have committed any unlawful or wrongful act with respect to Plaintiff.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.    Insofar as Plaintiff seeks to recover relief (a) for alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

3.    Plaintiff's claims fail because he has failed to exhaust his administrative remedies or to timely file this action as required by law or any statute of limitation or repose.

4.    Plaintiff's claims are barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

5.      Plaintiff's defamation claim fails because the Amended Complaint does not allege defamation with particularity.

6.      Defendants allege that because Plaintiff's defamation claim fails to specify the alleged defamatory statements, Defendants are unable to determine the precise nature of their denials and affirmative defenses and expressly reserve the right to assert all possible defenses, including without limitation: Plaintiff's claims fail because all communications of Defendants concerning Plaintiff were true statements, substantially true statements, non-actionable statements of opinion, were not published within the legal meaning of that term, and the particular statements at issue were consented to by Plaintiff.

7.      Plaintiff's claims fail in whole or in part because any alleged statements and conduct by Defendants were made within the scope of Defendants' employment, pursuant to company duties and responsibilities, in good faith, and for a legitimate purpose.

8.      Plaintiff's claims fail in whole or in part because all actions and communications of Defendants were proper, justified, and absolutely and/or qualifiedly privileged, which privilege was not waived.

9.      Plaintiff's claims fail because Defendants did not act with actual malice.

10.     Plaintiff's claims fail because Defendants' actions and communications were made upon a proper occasion under proper motivation and based on reasonable or probable cause.

11.     Plaintiff's claim for tortious interference of contract fails because Defendants did not interfere with the relationship between Plaintiff and a third party.

12.     Plaintiff is unable to establish that Defendants' conduct was tortious.

13. Plaintiff's privacy claim fails because he had no reasonable expectation of privacy, Defendants had no intent to intrude upon his privacy, any intrusion was not highly offensive to a reasonable person, and was not publicized.

14. Plaintiff's Amended Complaint fails, in whole or in part, due to preemption and/or the exclusive remedies provision of various statutes, including but not limited to, the Minnesota Workers Compensation Act and/or the Minnesota Human Rights Act.

15. Defendants acted reasonably, in good faith, and with justification at all times.

16. Plaintiff's Amended Complaint and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the doctrine of consent.

17. Defendants, at all times relevant to this action, have acted in good faith toward Plaintiff and acted in compliance with all applicable laws.

18. Any action taken by Defendants was reasonably necessary for the normal operation of Defendant Mayo's business and was based on legitimate business reasons and not discriminatory or retaliatory animus.

19. Defendants allege, on information and belief, that any recovery by Plaintiff, or alternatively, portions of any recovery, are barred by the doctrine of after-acquired evidence. Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in his termination by, or would have precluded him from obtaining employment with Defendants had Defendants discovered such conduct.

20. Plaintiff's claims fail because any alleged action or failure to act on the part of Defendants was not the proximate cause of any injuries to Plaintiff.

21.     Plaintiff's claims are barred in whole or in part because Plaintiff failed, or refused and/or neglected, to mitigate or avoid any damages or injuries he claims to have suffered.

22.     Plaintiff's Amended Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Defendants.

23.     Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages.

24.     Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm.  Plaintiff has an adequate remedy at law.

25.     Plaintiff's Amended Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

26.     To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendants.

27.     Defendants' personnel actions were not taken because of an intent to discriminate based upon any protected category.

28.     Plaintiff's claims fail because Plaintiff failed to make a good faith report that Defendant engaged in a violation or suspected violation of any federal or state law, or rule adopted pursuant to law.

29.     Plaintiff is not entitled to an award of punitive damages, as he has not pled and cannot prove facts sufficient to support such an award.  In any event, any award of punitive damages is subject to all statutory, common law, and constitutional principles and limitations, and Defendants plead all defenses made available by the Supreme Court's decision in *Kolstad v.*

*American Dental Association.* Plaintiff's Amended Complaint and each cause of action thereof fails to state a valid claim for punitive damages.

30.     Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

31.     To the extent any alleged intentional discriminatory conduct was committed by Defendants' agents (which Defendants deny), said conduct was outside the scope of the agent's authority and contrary to Defendants' good faith efforts to comply with applicable law.

32.     Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendants respectfully request the Court grant the following relief:

1.     Judgment be entered dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

2.     Awarding Defendants their attorneys' fees, costs, and disbursements, as appropriate; and

3.     Directing such other relief as the Court deems just and equitable.

Date: April 20, 2020

s/ Emily A. McNee
Kathryn Mrkonich Wilson (#283605)
kwilson@littler.com
Stephanie D. Sarantopoulos (#0287957)
ssarantopoulos@littler.com
Emily A. McNee (#0395228)
emcnee@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANTS**

4848-9451-1545.4 087104.1015