UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sameh Mahmoud Mohamed Said, MD, | Court File No. 20-cv-00927-ECT-TNL |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| vs. | |
| Mayo Clinic, and Joseph Albert Dearani, MD, | |
| Defendant. | |

The parties, by their respective counsel, hereby stipulate to the entry of the following Protective Order pursuant to Federal Rules of Civil Procedure. The parties agree that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties and to others, and therefore good cause exists to limit disclosure of this information.

1.      This Stipulation and Protective Order governs the use and handling of documents and information, including without limitation testimony, interrogatory responses, and all other information, including all copies, excerpts and summaries thereof (collectively, the "Information"), produced, given, or submitted by Sameh Mahmoud Mohamed Said, Plaintiff, and Mayo Clinic, and Joseph Albert Dearani, MD, (hereinafter "Defendants") or under oath by any other individual or entity, including non-parties in this Litigation (any such producing party hereinafter referred to as the "Producing Party") in pre-trial proceedings in this Litigation.

2.      All "Confidential Information" (as defined herein) produced in this Litigation shall be used only for the purpose of this Litigation.

3.      "Confidential Information," means any information of any type, kind or character which is designated "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by either

the Producing Party or Receiving Party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designations only as to that information that it, in good faith, believes contains Confidential Information.   Information designated "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") shall include, but not be limited to:

    a.    personnel information relating to current or former employees of Defendant Mayo Clinic that is of a personal and confidential nature including physical and electronic mail addresses, telephone numbers, social security numbers, health benefits and insurance elections and dependents, and/or non-parties' compensation amounts, and corrective and disciplinary counseling issued to nonparties; complaints and/or investigations conducted under Defendant Mayo Clinic's EEO policies; and performance documentation;

    b.    medical or other information related to Plaintiff and/or any of Mayo Clinic's patients;

    c.    financial information relating to Defendant Mayo Clinic's business that is not publicly available or known and that would be of benefit to a competitor of any Defendant Mayo Clinic;

    d.    information reflecting a person's financial status, such as bank records or information reflecting an individual's compensation, salary history, or employee benefits;

    e.    technological, operational and/or proprietary information relating to Defendant Mayo Clinic's business that is not publicly available or known and that would be of benefit to a competitor of Defendant Mayo Clinic; and

    f.    sales, marketing, pricing and/or staffing information relating to Defendant Mayo Clinic's business that is not publicly available or known and that would be of benefit to a competitor of Defendant Mayo Clinic.

    4.    Confidential Information, other than that marked "For Counsel Only" (or "Attorneys' Eyes Only"), may be provided only to counsel of record for the parties and, absent

2

written consent from the Producing Party or unless otherwise directed by the Court, may be disclosed by such counsel only to named parties and the following persons:

    a.    attorneys appearing in and/or working on this Litigation, including regular and temporary employees, contractors and agents;

    b.    outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (a) above, as well as employees of such expert or consultants;

    c.    outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

    d.    employees and agents of the parties for purposes related to this Litigation;

    e.    the Court, witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any; and

    f.    other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

    5.    Information designated "For Counsel Only" (or "Attorneys' Eyes Only") may be provided only to counsel of record or in-house counsel for the parties and, absent written consent from the Producing Party or unless otherwise directed by the Court, may not be disclosed to any other person or entity for any purpose.

    6.    Each person given access to Confidential Information, pursuant to the terms hereof, shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and may not be disclosed or used other than pursuant to the terms hereof.  Before any person described in paragraph 4(b) above is given access to Confidential Information, that person must read and agree in writing, by signing an acknowledgement in the form attached hereto as Exhibit A, to be bound by the provisions of this Stipulation and Protective Order.

7.    Inadvertent disclosure of Confidential Information to an opposing party without identifying the same shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. The disclosure or production, whether inadvertent or otherwise, of Protected Document(s) by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such Protected Document(s), and the disclosure or production of any Protected Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document(s) as to the receiving party or any third parties. If the producing party determines it has produced Protected Document(s), the producing party shall notify the receiving party of such inadvertent production in writing, identifying the basis for the privilege or protection, and demand the return of such documents. The receiving party shall respond until the issue is resolved by: (i) refraining from reading the Protected Document(s); (ii) returning, sequestering, or destroying all copies and derivative material of such Protected Document(s) (including extracting the Protected Document(s) from databases where possible); and (iii) taking reasonable steps to retrieve the information if disclosed to any third part(ies). If a receiving party determines that any Protected Document has been disclosed, the receiving party shall immediately notify the producing party in writing and take the steps set forth in subsections (i) to (iii) in the preceding sentence until the issue is resolved.  Within ten (10) days of receiving such notice, the producing party shall inform the receiving party in writing of an intent to claim privilege and provide a log for such Protected Document(s). The receiving party may thereafter seek reproduction of any such documents pursuant to applicable law.

8.      If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved.  The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness and/or segregation of privileged and/or otherwise protected information before production.

9.      In the event that a party wishes to use any Confidential Information, other than that marked "For Counsel Only" (or "Attorneys' Eyes Only"), or any papers containing or making reference to the contents of such information, in any pleading or document filed with the Court in this Litigation, such pleading or document shall be filed under seal, consistent with the Local Rules for the District of Minnesota.

10.     The designation of Confidential Information for the purposes of this Stipulation and Protective Order shall be made in the following manner:

a.      In the case of documents, interrogatory answers or other materials (apart from depositions or other pretrial testimony):   by affixing the legend "CONFIDENTIAL" or "For Counsel Only" (or "Attorneys' Eyes Only") to each page containing any Confidential Information.  If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

b.      In the case of depositions or other pretrial testimony:  (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within fourteen (14) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action.  All transcripts shall be considered Confidential Information and subject to this Protective Order until expiration of such fourteen (14) day period.

11.     Any party may object to the designation of any documents, information, or testimony as Confidential Information by giving written notice to the Producing Party that it

objects to the designation.  If the parties are unable to reach agreement after such written notice and the Non-Producing Party wishes to continue to assert its claim, the Non-Producing Party is obligated to file a motion within fifteen (15) business days after the date of the written notice to the Producing Party requesting the Court to confirm or deny the Confidential status of the material. Until the Court rules on the motion, the documents shall be treated as Confidential Information, as originally designated.

12.     Within sixty (60) days of the conclusion of this action (including appeals, if any), all Confidential Information and all documents containing Confidential Information, together with all copies, extracts and summaries thereof, in the possession of any qualified person or any other person who has received such documents pursuant to this Stipulation, shall be destroyed or returned to the respective parties, if requested.  However, the parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential Information" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert. No Confidential Information may be used in any other judicial or other proceeding, or for any other purpose.  However, outside counsel for any party shall be entitled to retain all Confidential Information, including, but not limited to, court papers, trial transcripts, exhibits, and attorney work produced provided that any such materials are maintained and protected in accordance with the terms of this Confidentiality Agreement.

13.     The parties agree to be bound by the terms of this Stipulation and Protective Order until such time as the Court shall rule thereon and, thereafter, the parties shall be bound by the ruling of the Court.

14.     In the event that a party produces documents subject to another confidentiality agreement or protective order, the parties agree to keep such documents confidential in accordance with the terms of any such agreement or order, as long as the producing party furnishes a copy of such agreement or order to all parties in advance of, or contemporaneously with, its production of any documents covered by such agreement or order.

15.     Nothing in this Stipulation and Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as it may deem appropriate.

16.     Nothing in this Stipulation and Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

17.     Nothing in this Order shall prevent any party from using or disclosing its/his own documents or information, regardless of whether they are designated Confidential Information.

18.     Any written notifications made by a Producing Party to a party pursuant to this Order shall be directed to counsel of record for the Receiving Party.

Date: July 8, 2020

s/ Jacob R. Colling
Lawrence P. Schaefer (#195583)
Jacob R. Colling (#0398683)
412 South Fourth Street, Suite 1050
Minneapolis, MN 55415
Tel. 612.294.2600
Fax. 612.294.2640
lschaefer@schaeferhalleen.com
jcolling@schaeferhalleen.com

**ATTORNEYS FOR PLAINTIFF**

Date: July 8, 2020

s/ Emily A. McNee
Kathryn Mrkonich Wilson (#283605)
kwilson@littler.com
Stephanie D. Sarantopoulos (#0287957)
ssarantopoulos@littler.com
Emily A. McNee (#0395228)
emcnee@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANTS**

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of
_____, County of _____, State of _____. My
telephone number is _____.

I am currently employed by _____, located at
_____, and my current job title is
_____.

I have read and I understand the terms of the Protective Order dated _____,
filed in Case No. 20-cv-00927-ECT-TNL, pending in the United States District Court for the
District of Minnesota.  I agree to comply with and be bound by the provisions of the Protective
Order.  I understand that any violation of the Protective Order may subject me to sanctions by the
Court.

I shall not divulge any documents, or copies of documents, designated "Confidential"
obtained pursuant to such Protective Order, or the contents of such documents, to any person other
than those specifically authorized by the Protective Order.  I shall not copy or use such documents
except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall
return to the attorney from whom I have received them, any documents in my possession
designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and
indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
                          Date                                                   Signature

4822-8283-9745.1 087104.1015