UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sameh Mahmoud Mohamed Said, MD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Mayo Clinic, and Joseph Albert Dearani, MD,<br><br>　　　　　　Defendant. | Court File No. 20-cv-00927-ECT-TNL<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE DEPOSITION OF DR. HARTZELL SCHAFF** |

**INTRODUCTION**

Defendant Mayo Clinic ("Mayo") is committed to providing a workplace free from harassment. Plaintiff Dr. Sameh Said ("Dr. Said") was a Senior Associate Consultant in its Cardiovascular Surgery department from July 2015 until Dr. Said resigned his employment. Dr. Said resigned after multiple complaints raised by peers and colleagues about his conduct were investigated and after receiving notice that Mayo recommended his employment be terminated. (Dkt. 6.) He subsequently pursued claims and filed a lawsuit against Mayo and Dr. Joseph Albert Dearani, MD (the latter individually referred to as "Dr. Dearani"; both Defendants collectively referred to herein as "Defendants").

As set forth in the discussion of the procedural history below, Dr. Said's claims have been pending before either the EEOC, Minnesota State District Court, or in Minnesota Federal District Court since Dr. Said first filed a Charge of Discrimination on December 17, 2018. Defendants have produced voluminous amounts of discovery, and by April 9, 2021, the parties will have completed depositions of at least 11 deponents, with many other deponents having been identified but ultimately not deposed by the parties. Notably, until

now and throughout the roughly two-year discovery period, Dr. Said never mentioned or suggested that he might notice the deposition of third-party witness, Dr. Hartzell Schaff. Defendants' Motion for Protective Order seeks to preclude this deposition from occurring.

Pursuant to a Scheduling Order entered by this Court on June 16, 2020, the deadline for completion of fact and expert discovery closed on March 1, 2021. There has been one exception made to this deadline: on March 1, 2021, the Court entered an Amended Scheduling Order that gave the parties until April 9, 2021, to schedule and complete specifically identified witness depositions that the parties had brought to the Court's attention via a joint Stipulation. Notwithstanding the March 1 deadline, on March 9, 2021, Dr. Said informed Defendants *for the first time* that he was going to seek the deposition of a non-party Mayo Clinic surgeon, Dr. Hartzell Schaff, as a fact witness in the case. Defendants made the bases for its objections to any such notice clear, but on March 12, 2021, Dr. Said issued a Notice for the deposition of Dr. Schaff to occur on March 29, 2021.

A protective order should issue to prevent Dr. Schaff's deposition from going forward for three reasons. First, the Notice is untimely and issued in blatant disregard of the Scheduling Order and Amended Scheduling Order. Dr. Said has been fully aware of the March 1, 2021, discovery deadline since the stipulated discovery plan was agreed upon in June 2020—over nine months ago. More recently, on February 23, 2021, when the Parties presented a Stipulation seeking permission to extend the time period to take depositions of specifically identified individuals outside of the discovery period (due to deponent availability issues), Dr. Said made no mention of Dr. Schaff. This Court entered an Amended Scheduling Order that specifically extended the March 1 deadline until April

9, 2021 for the *sole purpose* of completing depositions of the specifically identified individuals. Second, Dr. Said has not sought to modify the existing Scheduling Order and, most importantly, there is not good cause to do so. Dr. Said has long known about the identity of coworker Dr. Schaff since he worked at Mayo Clinic. Dr. Said named him in the allegations in the Complaint he filed in Minnesota State Court in May 2019, and he was included in Dr. Said's list of individuals who may have discoverable information in the Initial Disclosures he served on July 22, 2019. This is hardly an individual whose identity has recently been discovered. Third and finally, a simple review of the allegations in Dr. Said's First Amended Complaint reveals and confirms that Dr. Schaff has limited— if any—relevant knowledge regarding Dr. Said's claims.

Defendants respectfully request the Court to issue a protective order to prevent the untimely and unwarranted deposition of Dr. Schaff from occurring now, outside the discovery period.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

   **A.     Procedural Background Since Dr. Said Filed Charge on December 17, 2018.**

Dr. Said filed a Charge of Discrimination on December 17, 2018, in which he raised claims of discrimination. (McNee Decl. Ex. A.) Dr. Said initiated this lawsuit in Minnesota State Court, Fourth Judicial District, on May 1, 2019. (Dkt. 1.) On September 5, 2019, Judge Karen A. Janisch granted Defendants' motion for the transfer of venue to Olmsted County. (*Id.*). Thereafter, the Court issued a Scheduling Order, setting a July 1, 2020 deadline for the close of discovery and completion of depositions. Dr. Said served

his Initial Disclosures pursuant to Minnesota Rule 26.01(a) on July 22, 2019. (McNee Decl. Ex. B.) Thereafter, on April 6, 2020, while discovery was proceeding in state court, Dr. Said filed his First Amended Complaint in Minnesota State Court, Third Judicial District, alleging additional federal causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. (Dkt. 1) On April 13, 2020, Defendants removed the case to Federal District Court. (*Id.*) With the removal to federal court, the parties filed a Joint Rule 26(f) Report on June 9, 2020, which set forth an agreed upon discovery plan, as well as case-specific deadlines. (Dkt. 11.) In consideration of the parties' Joint Rule 26(f) Report, this Court entered a Pretrial Scheduling Order on June 16, 2020, establishing among other things, a March 1, 2021 deadline for completion of fact discovery, including depositions. (Dkt. 14.) Specifically, the Court's Order stated that fact discovery shall be commenced in time to be completed on or before March 1, 2021. (Dkt. 14.)[1]

While depositions were proceeding in February 2021, the parties encountered scheduling difficulties in completing the depositions that had been noticed in advance of the March 1, 2021 deadline. For this reason, the parties conferred and on February 23, 2021, presented the Court with an agreed-upon Stipulation to extend the March 1 deadline for completing the depositions of specifically identified deponents. (Dkt. 23.) On March

---

[1] Notably, these deadlines in place have been published by Pretrial Scheduling Order and known to the parties. In fact, Dr. Said previously sought other modifications to the Pretrial Scheduling Order. For instance, on September 1, 2020, Dr. Said sought to amend the Pretrial Scheduling Order with respect to the deadline to file a motion to amend punitive damages, and his request was granted. (Dkt. 23, 26.) Dr. Said sought no other such modifications to the Pretrial Scheduling Order, however, to allow him to issue the Notice at issue after discovery closed on March 1.

4

1, 2021, the Court entered an Amended Scheduling Order that extended the deadline until April 9, 2021 for the *sole purpose* of completing depositions of the specifically identified individuals. (Dkt. 41.) By April 9, 2021, the parties anticipate that they will have completed the depositions of 11 deponents.[2]

### B. Dr. Schaff Has Been Identified by Dr. Said Since the Inception of His Case.

Dr. Schaff is a cardiovascular surgeon at Mayo Clinic who worked with Dr. Said. Dr. Schaff was identified in Dr. Said's initial state court Complaint. Dr. Said's initial Complaint, filed in State Court in May of 2019, described Dr. Schaff as the "former chair [of the Department of Cardiovascular Surgery at the Mayo Clinic] who preceded Dr. Dearani" and asserted that Dr. Schaff "fully supported Dr. Said's hire." (Dkt. 1.) Dr. Said initially identified Dr. Schaff as a potential witness on July 22, 2019, when he provided disclosures pursuant to Minnesota Rules of Civil Procedure Rule 26.01(a). He described Dr. Schaff's knowledge as "information regarding the facts described in the Complaint, as described in the Complaint." (McNee Decl. Ex. B.) Subsequently, Dr. Said gave

---

[2] Importantly, it should be noted Defendants have agreed to allow Dr. Said to take the deposition of Chad Johnson on April 9, 2021, even though, as with Dr. Schaff, Dr. Said issued the Notice for his deposition on March 12, 2021 (after the March 1 discovery deadline passed). Defendants have agreed to produce Johnson for deposition even though Dr. Said was late in raising his name because Defendants were hoping to avoid the necessity of court action, and because Johnson—who is not a physician and does not manage a schedule involving patient care—is available during the window requested. In addition, unlike Dr. Schaff, Johnson was directly involved in the investigation that resulted in the recommendation to terminate Dr. Said's employment, has been identified as a witness for Defendants, and has relevant knowledge pertaining to Dr. Said's claims and Mayo's defenses. For all of these reasons, and in the spirit of cooperation, Defendants agreed to proceed with Johnson's deposition. (McNee Decl. ¶ 12.)

deposition testimony regarding his case on December 15, 2020. During his deposition, when asked about witnesses he intended to call, Dr. Said testified that he had not asked Dr. Schaff to be a witness in the case, but would plan to call him as a trial witness. (Said Dep. 356.)[3]

Despite the fact that Dr. Schaff has been known to Dr. Said since the outset of the case, Dr. Said never identified him in his multiple requests for depositions. While the parties anticipate completing depositions of 11 individuals by April 9, 2021 deadline, there were additional potential deponents discussed but ultimately not deposed. The discovery deadline closed on March 1, 2021, and notwithstanding that deadline, on March 9, 2021, Dr. Said informed Defendants *for the first time* that he was seeking the deposition of Dr. Schaff as a fact witness. (McNee Decl. ¶ 7.) Defendants made the bases for its objections to any such deposition notice clear. Among other things, Defendants clarified the request was untimely and in blatant disregard of the Scheduling Order. (McNee Decl. ¶ 10; *Id.* Ex. C; *Id.* Ex. D.) Further, Dr. Said did not seek relief from the Order, nor is there good cause for such exception, given Dr. Schaff's lack of relevant knowledge or information. Finally, Dr. Schaff is a cardiovascular surgeon at Mayo, who treats patients and has a surgical schedule that implicates not only patient lives, but also the work schedule of many individuals at Mayo. (McNee Decl. ¶ 8.) In fact, Defendants also confirmed with Dr.

---

[3] Notably, Defendants have not identified Dr. Schaff as a witness upon whom they intend to rely in their discovery responses or Rule 26 disclosures, nor has Dr. Schaff ever been identified as a decision-maker with respect to the events at issue in this case, or as an actor involved in the investigation and termination recommendation that Dr. Said's lawsuit challenges. (McNee Decl. ¶ 9. *See also* Dkt. 1.)

Said's legal team that Dr. Schaff is scheduled to be on vacation from April 2–19, 2021. (*Id.*) All of these points have been made with Dr. Said, but without response or due regard for these valid objections, on March 12, 2021, Dr. Said issued a Notice for the deposition of Dr. Schaff to occur on March 29, 2021. (McNee Decl. ¶ 11; *Id.* Ex. E.)

While the parties have conferred about this issue in writing (by emails exchanged on March 10, 2021 and March 12, 2021), and by telephone on March 12, 2021, they were not able to reach agreement and Dr. Said continues to pursue his Notice of Dr. Schaff's deposition. (McNee Decl. ¶ 10.) As a result, the Court's involvement is necessary to issue a protective order to prevent undue burden and expense associated with Dr. Said's untimely attempt to notice and command Dr. Schaff's deposition.

## II. APPLICABLE LEGAL STANDARD FOR THIS MOTION FOR PROTECTIVE ORDER

Federal Rule of Civil Procedure 1 provides that the Rules of Civil Procedure should be employed by the Court and the Parties to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The district courts thus have broad discretion in controlling the breadth and scope of discovery and in determining whether discovery is burdensome and oppressive. *See* Fed. R. Civ. P. 26(b)(2)(C); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F3d 358, 362 (8th Cir. 2003) (holding that the federal rules "confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required") (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Federal Rule of Civil Procedure 26 empowers the court to issue a protective order where there is good cause to prevent undue burden or expense.

Fed. R. Civ. P. 26(c)(1). Rule 26(c) provides that, on matters relating to depositions, the district court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See* Fed. R. Civ. P. 26(c)(1).

**III. DEFENDANTS' MOTION FOR PROTECTIVE ORDER SHOULD BE GRANTED.**

    **A.    The Deposition Notice for Dr. Schaff's Testimony is Not Timely.**

The Court's Pretrial Scheduling Order of June 16, 2020 requires that all fact discovery be "<u>commenced in time to be completed</u> on or before March 1, 2021." (Dkt. 14.) Case management orders like the Scheduling Order are "vehicles[s] designed to streamline the flow of litigation through our crowded dockets," and, as such, courts "do not take case management orders lightly, and will enforce them." *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999)); *see also Boston Scientific SciMed, Inc. v. ev3, Inc.*, No. 05-651 (JNE/JSM), 2007 WL 2493117, at *8 (D. Minn., Aug. 29, 2007) ("Scheduling Orders pursuant to Rule 16(b)(1) 'assure that at some point both the parties and the pleadings will be fixed . . . .'") (citing Fed. R. Civ. P. 16(b) Advisory Committee's Notes - 1983 Amendment).

The Notice of Dr. Schaff's deposition is untimely and issued in blatant disregard of the Scheduling Order and Amended Scheduling Order. *See Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556 (D. Minn. 1991) (granting motion for protective order barring party from retaking a "trial deposition" of a witness after the close of fact discovery, noting that

8

"absent an agreement of the parties, or some compelling circumstance that would cause a miscarriage of justice if a late deposition is not allowed, all depositions must be completed . . . by the discovery termination date of the pretrial schedule."); *Antero Res. Corp. v. S. Jersey Res. Grp., LLC*, No. 15-CV-00656, 2017 WL 1176414, at *1 (D. Colo. Mar. 30, 2017) ("[I]f the purpose for taking the deposition is to discover information not known [as opposed to preserving trial testimony], then any such deposition sought after the discovery period is typically disallowed as untimely and prejudicial."). Despite that Dr. Schaff has been known to Dr. Said since the outset of the case, Dr. Said never identified him in his multiple requests for depositions during discovery. Dr. Said had ample time to seek his deposition during the years that his lawsuit has been pending. Further, Dr. Said cannot point to and has certainly not identified for Defendants a compelling circumstance that led to or would justify the delay and there is none demonstrated.

**B.     There is No Good Cause or Extraordinary Circumstances to Justify a Request to Modify the Pretrial Scheduling Order.**

By issuing a Notice for the deposition of Dr. Schaff after the deadline already passed, Dr. Said in essence seeks to modify the Pretrial Scheduling Order on his own volition. Dr. Said must demonstrate that "good cause" exists for a request to ask the Court to do so. Fed. R. Civ. P. 16(b)(4); D. Minn. L.R. 16.3; *accord Luigino's, Inc. v. Pezrow Cos., Inc.*, 178 F.R.D. 523, 525 (D. Minn. 1998); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 581–82 (D. Minn. 1999); *Shovein v. SGM Group USA, Inc.*, No. 06-1553 (RLE), 2008 WL 5459185, *3 (D. Minn., May 13, 2008). Under the District of Minnesota's Local Rules, when a motion to amend a scheduling order is

made after expiration of the original pretrial schedule deadlines, the burden imposed on the movant has been modified by Local Rule 16.3(d), and requires a party to show "**extraordinary circumstances**" in order to obtain an extension of a pretrial schedule. D. Minn. L.R. 16.3(d) (emphasis added).

Here, Dr. Said has not moved the Court to modify the Pretrial Scheduling Order, but instead served a Notice for a deposition eleven days after discovery closed. Absent a showing of good cause, Dr. Said does not have justification to support a request that this Court modify the Scheduling Order. *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 433–434 (8th Cir. 2019) (holding that the district court abused its discretion in granting plaintiff to leave to file a late, revised expert report where plaintiff failed to show good cause to extend the expert disclosure deadline and noting that "the 'good-cause standard is not optional.'") (internal citations omitted).

Good cause does not exist to modify the Pretrial Scheduling Order, and there are no extraordinary circumstances at play in this matter. "The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co.*, 187 F.R.D. at 581-82; *accord Boston Scientific SciMed, Inc.*, 2007 WL 2493117 at *8. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford*, 249 F.3d at 809 (citations omitted); *see also Shovein*, WL 5459185, at *3 ("It hardly bears mentioning therefore, that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'") (citations omitted). Other factors, including "the existence

of prejudice to the party opposing the modification," may also be considered. *Bradford*, 249 F.3d at 809 (citations omitted); *accord Metro Produce Distributors, Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007). "In sum, Rule 16(b) assures that a magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Archer Daniels Midland Co.*, 187 F.R.D. at 582 (concluding that "[t]he accessibility of the Courts would have no particular societal benefit if the actions so filed were not able to be timely brought to [t]rial.").

This court has had trouble finding good cause to allow discovery after the discovery deadline has closed when the party pursuing discovery could have sought the information previously. *See Sobolik v. Briggs & Stratton Corp.*, No. 09-1785, 2010 WL 11640189, at *7 (D. Minn. July 2, 2010) (granting motion to quash subpoena served one day before the discovery deadline expired and no good cause existed, noting that "[d]iscovery must be served . . . sufficiently in advance of the discovery deadline so as to allow a response before the close of discovery"). In *Dane Technologies, Inc. v. Gatekeeper Systems, Inc.*, for example, the district court refused to allow the deposition of an expert witness, Dr. Kevin Craig, where the party seeking the deposition, Dane Technologies, served a deposition subpoena on Dr. Craig after the close of discovery:

> Dane has not shown good cause to reopen the period of fact discovery so that Dr. Craig can be deposed. Indeed, Dane did not seek leave to reopen discovery. Dane simply went ahead and subpoenaed Dr. Craig. Dane argues that it is entitled to take Dr. Craig's deposition because, even though he is a non-testifying expert, he submitted the declaration on invalidity in the case. But Dane knew about Dr. Craig's declarations on invalidity long before the close of discovery, and it presents no explanation—and hence, no good cause—as to why it failed to comply with the scheduling deadline.

11

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2015 WL 12819180, at *8–*9 (D. Minn. Jan. 20, 2015). Here, as in *Dane Technologies*, the deadline for seeking depositions has already expired. Dr. Said could have reasonably complied with the Scheduling Order that has been in place since June 2020 by noticing Dr. Schaff's deposition. Dr. Said knew of Dr. Schaff's identity when he filed his lawsuit in May 2019, when he identified him on his Rule 26 disclosures in July 2019, and when he testified that Dr. Schaff is a witness in his December 2020 deposition. Yet Dr. Said did not mention Dr. Schaff when scheduling and coordinating numerous depositions in this case, through the March 1, 2021 close of discovery. Dr. Said has not been diligent in attempting to comply with the Pretrial Scheduling Order, and therefore should not be permitted to extend the Pretrial Scheduling Order after the deadline as passed. There are no new circumstances to justify expanding the discovery period to permit the deposition of Dr. Schaff, and numerous reasons to deny this attempt, as set forth above. Thus, there is no good cause—let alone extraordinary circumstances—to modify the Pretrial Scheduling Order at this late date.

### C. Dr. Schaff Has Little, If Any, Knowledge Relevant to the Claims and Defenses in This Case.

Defendants' Motion for Protective Order should also be granted because Dr. Schaff has little, if any, relevant knowledge. Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, a plaintiff must make a threshold showing of relevance before the other party is "required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack*

*Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Not only is Dr. Said's deposition Notice untimely, but also seeks testimony from a busy surgeon who has limited, if any, relevant knowledge pertaining to the claims and defenses in this case. Dr. Said's lengthy Complaint details his claims, and makes clear that Dr. Schaff was not involved in the investigation that led to Mayo's decision to recommend his employment termination. Justice requires that reasonable protection be afforded to Dr. Schaff under Rule 26(c). Defendants have expended significant time and expense arranging and coordinating and preparing for and attending depositions, which causes significant business disruption and expense for all involved. This is particularly true for Dr. Schaff, who has not only a busy schedule, but a patient schedule that risks disruption. In addition to the patient scheduling concerns, Dr. Schaff will also be on vacation from April 2–19, 2021. Dr. Schaff's deposition Notice is therefore unnecessarily belated, burdensome and costly, and contrary to the purpose of securing a just, speedy, and inexpensive determination of this action as contemplated by the Federal Rules.

## **CONCLUSION**

Dr. Said's Notice for the deposition of Dr. Schaff was served long after the close of discovery. Defendants' Motion for Protective Order should be granted, and Mayo should not be required to schedule or attend the deposition of Dr. Schaff. The Notice is untimely; Dr. Said did not seek relief from the Court before issuing the Notice and did not act diligently in his efforts to comply with the Scheduling Order; and Dr. Schaff (who was identified by Dr. Said in his Complaint in May of 2019) has little, if any, relevant knowledge to Plaintiff's claims, and has not been identified by Defendants as a witness on

whom it will rely to establish defenses. For all of these reasons and based upon the authority cited above, Defendants respectfully request that this Court enter a Protective Order precluding the deposition of Dr. Schaff.

Date: March 23, 2021

                                                       */s/ Kathryn Mrkonich Wilson*
                                                       Kathryn Mrkonich Wilson (#283605)
                                                       kwilson@littler.com
                                                       Emily A. McNee (#0395228)
                                                       emcnee@littler.com
                                                       **LITTLER MENDELSON, P.C.**
                                                       1300 IDS Center
                                                       80 South 8th Street
                                                       Minneapolis, MN  55402.2136
                                                       Telephone: 612.630.1000

                                                       **ATTORNEYS FOR DEFENDANTS**